UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. JOHNSON, | No. 2:22-cv-1412 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| ST. ANDRE, | |
| Respondent. | |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

  The petition alleges that petitioner is "under an unlawful sentence, i.e. illegitimate 'plea bargain.'"  ECF No. 1 at 5.  As best the court can discern from the petition, petitioner is alleging that his sentence is unlawful because the judge failed to order a sentencing investigation or exercise its discretion to strike some of his prior offenses, which resulted in plaintiff receiving sentencing enhancements.  Id. at 11, 19-40.  He also appears to allege that he was subject to double jeopardy and denied the right to a fair trial.  Id.  However, petitioner has failed to provide any factual basis for his claims, making it unclear whether any grounds for relief exist, and he will be given an opportunity to amend the petition.  See Rule 2(c), Rules Governing Section 2254

Cases in the United States District Courts (Habeas Rules).

Should petitioner choose to amend the petition, he is advised that habeas relief is not available for state law errors of any kind. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). A habeas petitioner must show that an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992). Furthermore, to the extent petitioner may be attempting to claim that the enhancements constitute double jeopardy because they are a second punishment for his previous convictions, he cannot state a claim for relief.

> [T]he Supreme Court has long since determined that recidivist statutes do not violate double jeopardy because "the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'"

United States v. Kaluna, 192 F.3d 1188, 1198-99 (9th Cir. 1999) (quoting Witte v. United States, 515 U.S. 389, 400 (1995)).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is GRANTED.

2. Petitioner's application for writ of habeas corpus does not state any cognizable claims for relief and will not be served.

3. Within thirty days of the service of this order, petitioner may file an amended petition. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: January 9, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE