UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>ST. ANDRE,<br><br>    Respondent. | No. 2:22-cv-1412 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.    Background

Petitioner challenges 2020 convictions for robbery that included a ten-year gun enhancement, though he does not identify the court in which the conviction took place. ECF No. 9 at 1. He appears to argue that the gun enhancement should have been stricken under amendments made to the California Penal Code under Senate Bill (SB) 620 and SB 1893, and that his crime did not constitute a serious felony. Id. at 4-5.

II.    Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

1

court." As set forth below, the petition appears to be unexhausted and fails to state a cognizable claim for relief.

As an initial matter, because petitioner represents that he has not presented his claim to the California Supreme Court (ECF No. 9 at 1-3), the petition is unexhausted on its face and should be dismissed. 28 U.S.C. § 2254(b)(1) (a petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process" or circumstances render the process ineffective); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court). However, even if the petition were exhausted, dismissal would be proper because if fails to state a cognizable claim for relief.

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for state law errors of any kind. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

Petitioner's apparent claims that he is eligible to, and therefore should, have his firearm enhancement struck under amendments made by SB 620 and SB 1893 are not cognizable in federal habeas because they are purely questions of state law interpretation and application. Similarly, any challenge to petitioner's sentence based upon the state court's determination that his crime constituted a serious felony is purely a question of state law. Any question as to the applicability of either SB 620 or SB 1893 to petitioner, or as to whether petitioner's crime constituted a serious felony, does not and cannot state a claim for federal habeas relief because challenges to a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations

on state-law questions." (citation omitted)); Middleton, 768 F.2d at 1085 (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)). The exception is if "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis, 497 U.S. at 780 (citation omitted). However, petitioner makes no showing that the state court acted in an arbitrary or capricious manner.

Petitioner has already been given an opportunity to amend the petition and was cautioned that to state a claim based on a sentencing error he "must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" ECF No. 7 at 2 (quoting Richmond v. Lewis, 506 U.S. 40, 50 (1992)). In amending the petition, petitioner has not provided any additional facts to support such a finding and it therefore appears that further amendment would not result in a cognizable claim.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Petitioner is advised that failure to file objections within the specified time

////
////
////
////

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 20, 2023

                           /s/ Allison Claire
                           ALLISON CLAIRE
                           UNITED STATES MAGISTRATE JUDGE