UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. JOHNSON, | No. 2:22-cv-1412 TLN AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| ST. ANDLE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.     Procedural History

By order filed January 9, 2023, the undersigned screened the petition and, after finding that it did not state any cognizable claims for relief, granted petitioner leave to file an amended petition. ECF No. 7. After petitioner failed to file an amended petition within the time for doing so, he was given a final opportunity to amend the petition. ECF No. 8. Petitioner's first amended petition was received by the court on March 15, 2023. ECF No. 9. The first amended petition also failed to state a cognizable habeas claim and it was recommended that the petition be dismissed without further leave to amend. ECF No. 10. Before the district judge could rule on the findings and recommendations, it came to the undersigned's attention that petitioner had initiated a separate action on January 27, 2023, which challenged the same conviction at issue in

this case. See Johnson v. San Joaquin Superior Court (Johnson II), No. 2:23-cv-0157 AC (E.D. Cal.). Considering the date the petition in Johnson II was signed and when it was received by the court, it appears that it may have originally been intended as an amended petition in this case that was misfiled as a new action because it did not bear this case's name or case number. Accordingly, on July 7, 2023, the petition in Johnson II was ordered filed in this case as a motion to amend. Johnson II, ECF No. 8. Given this unique procedural posture, the pending findings and recommendations will be withdrawn and the claims in both the motion to amend and first amended petition will be assessed below.

## II.   Background

In both the motion to amend and the first amended petition, petitioner challenges 2020 convictions for robbery that included a ten-year gun enhancement arising from San Joaquin County Superior Court cases STK-CR-2020-13511 and STK-CR-2020-13898; there is substantial overlap in the substance of the claims. ECF No. 9 at 1; ECF No. 11 at 1. In both the motion and petition, petitioner appears to argue that sentencing enhancements should have been stricken under various amendments made to the California Penal Code, that his sentence is now unauthorized due to changes in the sentencing laws, and that his crime did not constitute a serious felony. ECF No. 9 at 4-5; ECF No. 11 at 5, 7-8. The motion to amend, like the original petition, also asserts that petitioner was subject to an illegitimate plea bargain and double jeopardy, and that he was denied a sentencing investigation due to the ineffective assistance of counsel.[1] ECF No. 11 at 5, 7-8.

## III.   Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state any cognizable claim for relief.

////

---

[1] In the original petition, petitioner alleged that the court violated his rights by not ordering an investigation. ECF No. 1 at 5, 22.

Although the first amended petition represents that petitioner has not presented his claim to the California Supreme Court (ECF No. 9 at 1-3), the motion to amend appears to assert that petitioner exhausted his claims by filing a petition for writ of habeas corpus with the California Supreme Court (ECF No. 11 at 3, 5). Assuming the petition is exhausted as represented in the motion to amend, it nonetheless fails to state a cognizable claim for relief.

Petitioner's conclusory claims that he was subject to an illegitimate plea bargain and double jeopardy, and that he was denied a sentencing investigation due to the ineffective assistance of counsel, fail for the same reasons outlined by the court in screening the original petition: "petitioner has failed to provide any factual basis for his claims, making it unclear whether any grounds for relief exist." ECF No. 7 at 1 (citing Habeas Rule 2). Moreover, any claim that the sentencing enhancements constituted double jeopardy fails as a matter of law. Id. at 2 (quoting United States v. Kaluna, 192 F.3d 1188, 1198-99 (9th Cir. 1999)).

With respect to petitioner's other claims, a petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for state law errors of any kind. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

Petitioner contends that he is eligible to, and therefore should, have sentencing enhancements struck under amendments made by various state laws, but such claims are not cognizable in federal habeas because they are purely questions of state law interpretation and application. Similarly, any challenge to petitioner's sentence based upon the state court's determination that his crime constituted a serious felony is purely a question of state law. Any question as to the applicability of any state sentencing reform to petitioner, or as to whether petitioner's crime constituted a serious felony, does not and cannot state a claim for federal habeas relief because challenges to a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire,

502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton, 768 F.2d at 1085 (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)). The exception is if "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis, 497 U.S. at 780 (citation omitted). However, petitioner makes no showing in either the first amended petition or the motion to amend that the state court acted in an arbitrary or capricious manner.

### IV. Conclusion

Petitioner has already been given an opportunity to amend the petition and was cautioned that to state a claim for relief he must provide a factual basis for his claims and that to state a claim based on a sentencing error he must show that the error was sufficiently arbitrary or capricious to constitute a due process violation. ECF No. 7. Both the amended petition and motion to amend fail to provide any additional factual basis for petitioner's claims or to support a finding that the state error was arbitrary or capricious. It therefore appears that further amendment would not result in a cognizable claim and the motion to amend should be denied and the amended petition dismissed without further leave to amend.

Accordingly, IT IS HEREBY ORDERED that the March 21, 2023 findings and recommendations (ECF No. 10) are WITHDRAWN.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for leave to amend (ECF No. 11) be DENIED; and

2. The first amended petition for writ of habeas corpus (ECF No. 9) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written

objections with the court. The objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE